# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re: McNeilus Manufacturing Explosion Coordinated Litigation

Case No. 17-cv-5237-PJS-KMM

**ORDER**

Defendant Swagelok Company seeks to conduct independent destructive testing of critical evidence without the input, involvement, or observation of any other party. Indeed, Swagelok has not revealed the precise nature of the test they would like to run or the evidence that such a test might yield. Defendant San Diego Fluid System Technologies joins in Swagelok's request. The plaintiffs in the matter oppose Swagelok's proposal. The Court received letter briefs from each side and then held a telephonic informal discovery dispute hearing on October 2, 2018. For the reasons set forth below, the Court denies Swagelok's request.

All of the parties in this litigation agree about several things that are relevant to the Court's determination. First, the material at issue is a 36 foot long length of hose that is central to the case, which involves a serious explosion, grave injuries, and significant property damage. Second, the various segments of hose were affected by the fire in very different ways, depending on their location and their proximity to

clamps and other items. Therefore, tests on one part of the hose may yield very different results than identical tests on other parts of the hose. And third, the testing Swagelok seeks to do will be "destructive," but only as to very small pieces taken from different parts of the hose.

The Court concludes that, given the facts of this case, it is not appropriate for Swagelok to perform ex parte destructive testing on any part of the hose. Because it seems clear that the fire and explosion may have affected different parts of the hose in very different ways, destroying any part of the hose ex parte would deprive the other parties from performing their own tests on a part of the hose that is certain to be identical or very similar. The cases Swagelok cites in support of its request are not persuasive. *Ostrander by Ostrander v. Cone Mills, Inc.*, 119 F.R.D. 417 (D. Minn. 1988) does not support Swagelok's position that private or independent destructive testing of evidence is permissible under Minnesota law. Rather, *Ostrander* discusses whether to permit destructive testing in the first place and instructs the court to "balance the interests to be served by destructive testing against the value of preservation of the evidence on behalf of the opposing party." *Id.* at 419. In balancing the parties' interests, the *Ostrander* court specifically cited the opposing party's "opportunity to attend and observe" the proponent's testing as a factor that supported permitting destructive testing to take place. *Id.* Indeed, each case cited by either party that permits destructive testing explicitly contemplates or requires inspection or attendance

of the destructive test by the non-testing party. *Trice v. Toyota Motor Corp.*, No. 10-cv-2804 (ADM/AJB), 2012 WL 12894708 at (*2) (D. Minn. Sept. 12, 2012) ("[D]efendants will be permitted to attend and record the destructive testing."); *Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611, 617 (D. Md. 2006) ("Defendants will be able to attend the testing…."); *Spell v. Kendall-Futuro Co.*, 155 F.R.D. 587, 588 (E.D. Tex. 1994) ("Plaintiff, along with his counsel and expert(s), may be present to observe all testing."); *see also Pizza Hut, Inc. v. Midwest Mech., Inc.*, No. 86-c-5487, 1988 WL 8980 at * 1 (N.D. Ill. Feb. 1, 1988) (permitting non-testing party to attend and videotape the testing process despite the fact that the test would not totally destroy the relevant evidence).

Swagelok's citation to *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 80 (N.D. Ohio 1973), is similarly unavailing. In *Sperberg*, the issue was whether the plaintiff could be permitted to dictate what tests the defendant would perform, not, as here, whether one party could perform a destructive test without permitting the other party to attend or observe the test. *Id.* at 81–82. Instead, the Court finds *Jeld-Wen, Inc v. Nebular Glasslam Intern., Inc.*, 249 F.R.D. 390 (S.D. Fl. 2008), more applicable to the situation at hand.

In *Jeld-Wen*, the court specifically denied a motion for private destructive testing. There, similar to here, the proponent of the tests argued that there were many pieces of evidence (windows) to be tested, and thus there was no risk of destruction

of the evidence. *Id.* at 398. The Court rejected this argument in part due to the potential variation in the windows. *Id.* Similarly, in the current dispute, there is the potential for variation even within the small samples that Swagelok proposes, and there is risk that the destruction of a unique sample could occur. The potential prejudice to the plaintiffs in this case should this happen outweighs the prejudice Swagelok faces by revealing test results that are potentially not in its favor, or by disclosing one aspect of its litigation strategy. *See id.* Requiring Swagelok to permit all parties and their experts to consult about and attend any destructive testing is an adequate safeguard against the prejudice that the plaintiffs face.

Based on the foregoing, the Court denies Swagelok's request to conduct destructive testing independently.

Date: October 9, 2018

/s/ *Katherine Menendez*
Katherine Menendez
United States Magistrate Judge